UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEVEN AARON, SR.** | \* | **CIVIL NO. 2:21-cv-1082** |
| | \* | |
| *Plaintiff,* | \* | **JUDGE** _____ |
| | \* | |
| | \* | **MAG. JUDGE** _____ |
| **v.** | \* | |
| | \* | |
| **BANCROFT BAG, INC., ET AL** | \* | |
| | \* | |
| *Defendants,* | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ford Motor Company ("Ford"), who, without waiving any of its rights or defenses, hereby files this Notice of Removal and remove the state court action entitled *Steven Aaron, Sr. v. Bancroft Bag, Inc., et al*, Docket No. 2020-06964, Division "N," Section "8," Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. All properly joined Defendants, Carlisle Industrial Brake & Friction, Inc. ("Carlisle"), Pneumo Abex, LLC ("Abex"),[1] and Thomas Built Buses, Inc. ("Thomas Built") have consented to this Notice of Removal. In support of this removal, the Removing Defendants state as follows:

## INTRODUCTION AND BACKGROUND

1.

On August 17, 2020, Plaintiff, Steven Aaron, Sr., filed an action captioned *Steven Aaron, Sr. v. Bancroft Bag, Inc., et al.,* Docket No. 2020-06964, Division "N," Section "8," in the Civil District Court for the Parish of Orleans, State of Louisiana.[2] Plaintiff alleges he was exposed to

---

[1] Plaintiff's Petition for Damages incorrectly names Pneumo Abex, LLC as "Pneumo Abex Corporation."

[2] *See* Plaintiff's Petition for Damages, attached as Exhibit "A."

1

asbestos resulting from work as a mechanic between the late-1960s and late 1970s.[3] Plaintiff also alleges he was exposed to asbestos as an operator between the mid-1980s and 2006.[4]

2.

Plaintiff's Petition for Damages named thirteen (13) Defendants, including three non-diverse Defendants, Bancroft Bag, Inc., Monroe Spring & Brake, Inc. and Taylor-Seidenbach, Inc. Thus, this matter was not removable at the time of filing of Plaintiff's Petition for Damages.

3.

Bancroft Bag, Inc. was dismissed with prejudice when its Motion for Summary Judgment was granted in open court on May 24, 2021.[5] Prior to that Motion being granted, Plaintiff withdrew his Opposition to Bancroft Bag, Inc.'s Motion for Summary Judgment.[6] An additional proposed Final Judgment was submitted granting Bancroft Bag, Inc.'s Motion for Summary Judgment.[7]

4.

On June 1, 2021, Defendant, Monroe Spring and Brake, Inc., and Plaintiff filed a Joint Motion to Dismiss Application for Supervisory Writs with the Supreme Court of Louisiana, No. 2021-CC-603, from the Louisiana Fourth Circuit Court of Appeals' Denial of Emergency Application of Supervisory Writ, No. 2021-0196, and from the Civil District Court for the Parish of Orleans, State of Louisiana, Division "N," Section "8," Docket No. 2020-06964.[8] The Joint

---

[3] Exhibit "A," ¶¶ 6 and 7.
[4] Exhibit "A," ¶ 8.
[5] On May 24, 2021, The Honorable Ethyl Sims Julien, District Judge of the Civil District Court for the Parish of Orleans, State of Louisiana, held hearings on dispositive motions filed by several defendants, and rendered judgments on said motions in open court, as set forth herein. At the time of removal, the transcript of the hearing was unavailable, and signed judgments had not yet been entered into the record. The transcript of the hearing has been requested, and Ford will supplement this Notice of Removal with same upon receipt.
[6] *See* Joint Motion for Entry of Final Judgment, stating in part, "Plaintiff withdraws his Opposition to Bancroft's Motion for Summary Judgment, in recognition of the immunity and exclusivity provisions of the applicable Louisiana Workers' Compensation Act, barring Plaintiff's claims brought against Bancroft," attached as Exhibit "B."
[7] *See* Final Judgment, attached as Exhibit "C."
[8] *See* Joint Motion to Dismiss Application for Supervisory Writs, attached as Exhibit "D."

Motion to Dismiss Application for Supervisory Writs states that Monroe Spring & Brake, Inc. and Plaintiff "reached an agreement to settle this matter."[9] This leaves Defendant, Taylor-Seidenbach, Inc. as the only remaining non-diverse Defendant to Plaintiff's lawsuit. As explained below, Taylor-Seidenbach, Inc. is improperly joined.

5.

Since the date of filing of Plaintiff's Petition for Damages and the date of filing of this Notice of Removal, the following eight (8) Defendants have been dismissed, or Plaintiff has settled his claims against said Defendants:

a. Blue Bird Body Company[10] was dismissed with prejudice when its Motion for Summary Judgment was granted in open court on May 24, 2021.

b. Bancroft Bag, Inc. was dismissed with prejudice on May 24, 2021 when its Motion for Summary Judgment was granted in open court. Prior to dismissal, Plaintiff withdrew his Opposition to Bancroft Bag, Inc.'s Motion for Summary Judgment. An additional proposed Final Judgment was submitted granting Bancroft Bag, Inc.'s Motion for Summary Judgment.

c. Eaton Corporation was dismissed with prejudice when its Motion for Summary Judgment was granted in open court on May 24, 2021;[11]

d. Navistar, Inc. was dismissed with prejudice when its Motion for Summary Judgment was granted in open court on May 24, 2021;[12]

e. BWDAC, Inc. was voluntarily dismissed by Order dated March 25, 2021;[13]

f. Plaintiff has released his claims against Morse Tec, LLC, as reflected in Plaintiff's Responses and Objections to Defendant Carlisle Industrial Friction & Brake, Inc.'s Interrogatories and Request for Production, dated May 26, 2021;[14]

g. Plaintiff has released his claims against Genuine Parts Company, as reflected in Plaintiff's Responses and Objections to Defendant Carlisle Industrial Friction & Brake, Inc.'s

---

[9] *Id.* at ¶ 1.
[10] Plaintiff's Petition for Damages incorrectly names Blue Bird Body Company as "Blue Bird Corporation."
[11] Plaintiff did not submit an opposition to Eaton Corporation's Motion for Summary Judgment.
[12] Plaintiff did not submit an opposition to Navistar Inc.'s Motion for Summary Judgment.
[13] *See* Motion and Order to Dismiss without Prejudice, dismissing Plaintiff's claims against BWDAC, Inc., attached as Exhibit "E."
[14] *See* Plaintiff's Responses and Objections to Defendant Carlisle Industrial Friction & Brake, Inc.'s Interrogatories and Request for Production, dated May 26, 2021, Response to Interrogatory No. 2, attached as Exhibit "F."

3

    Interrogatories and Request for Production, dated May 26, 2021;[15] and

h. Plaintiff has agreed to settle his claims against Monroe Spring & Brake, Inc., as reflected in the Joint Motion to Dismiss Application for Supervisory Writs, filed with the Louisiana Supreme Court, dated June 1, 2021.

6.

At the time of removal, five (5) Defendants remain parties to this action, including Taylor-Seidenbach, Inc., which is improperly joined. The remaining properly joined Defendants are:

a. Carlisle Industrial Brake & Friction, Inc.;

b. Ford Motor Company;

c. Pneumo Abex, LLC; and

d. Thomas Built Buses, Inc.

7.

A jury trial in this case is currently scheduled to begin on June 14, 2021.

## BASIS FOR JURISDICTION IN THIS COURT

8.

Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Louisiana is the district and division within which the above described state court action, specifically the Civil District Court for the Parish of Orleans, is pending and, as a result, venue is proper in this Court for removal of the Plaintiff's action under 28 U.S.C. §§ 1332 and 1441.

9.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 & 1446, because Plaintiff and properly joined Defendants who are real parties in interest are citizens of different states, and the amount in

---

[15] *Id*.

controversy exceeds seventy-five thousand and no/100 dollars ($75,000.00), exclusive of interest and costs, and thus, satisfies the requisite jurisdictional amount set forth in 28 U.S.C. § 1332(a).

10.

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it is filed within one year of the filing of Plaintiff's Petition for Damages and within thirty (30) days of June 1, 2021, when non-diverse Defendant, Monroe Spring and Brake, Inc., and Plaintiff, filed a Joint Motion to Dismiss Application for Supervisory Writs, indicating Plaintiff and Monroe Spring & Brake, Inc. reached an agreement to settle, alerting Ford that this case was now removable.

## COMPLETE DIVERSITY OF CITIZENSHIP

11.

Removal of this action from state court to federal court is authorized by the diversity jurisdiction and removal statutes, 28 U.S.C. §§ 1332, 1441, *et seq.*

12.

A defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between the named plaintiff and all properly joined and served defendants and no defendant is a citizen of the forum state.[16] Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[17]

13.

Plaintiff, Steven Aaron, Sr., is a domiciliary and citizen of the State of Louisiana.[18] Accordingly, at the time this action was commenced and at the time of filing this Notice of Removal, Plaintiff was and is a citizen of Louisiana for purposes of diversity jurisdiction.

---

[16] *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).
[17] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019) (quoting Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008)).
[18] Exhibit "A," ¶1.

14.

For diversity purposes, a corporation is a citizen of the state where it was incorporated and the state where it maintains its principal place of business.[19] For diversity purposes, a limited liability company is a citizen of the state of its members.[20]

15.

The remaining properly joined Defendants are all corporations or limited liability companies and each Defendant's citizenship is as follows:

a. Carlisle Industrial Brake & Friction, Inc. is a Delaware corporation whose principal place of business is in Indiana. Therefore, Carlisle is a citizen of Delaware and Indiana for diversity purposes.[21]

b. Ford Motor Company is a Delaware corporation whose principal place of business is in Michigan. Therefore, Ford is a citizen of Delaware and Michigan for diversity purposes.

c. Thomas Built Buses, Inc.is a North Carolina corporation whose principal place of business is in North Carolina. Therefore, Thomas Built is a citizen of North Carolina.[22]

d. Pneumo Abex, LLC is a limited liability company. The only member of Pneumo Abex, LLC is Pneumo Abex Asbestos Claims Settlement Trust, and the trustees of the Pneumo Abex Asbestos Claims Settlement Trust are citizens of Maryland, Pennsylvania, and Delaware. Pneumo Abex, LLC is the beneficiary of the Pneumo Abex Asbestos Claims Settlement Trust. No individual, or entity, has any form of beneficial ownership interest in the Pneumo Abex Asbestos Claims Settlement Trust. The principal place of business for Pneumo Abex, LLC is Spring, Texas. The principal place of business for the Pneumo Abex Asbestos Claims Settlement Trust is Delaware. Therefore, Pneumo Abex, LLC is a citizen of Maryland, Pennsylvania, Delaware, and Texas. [23]

16.

Plaintiff has settled, dismissed, or otherwise abandoned his claims against all other properly joined Defendants, including all properly joined, non-diverse Defendants, named in this action.

---

[19] 28 U.S.C. Section 1332 (c)(1).
[20] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[21] *See*, Carlisle Industrial Brake & Friction, Inc.'s Consent to removal, attached as Exhibit "G"
[22] *See*, Thomas Built Buses, Inc.'s Consent to removal, attached as Exhibit "H"
[23] *See*, Pneumo Abex, LLC's Consent to removal, attached as Exhibit "I"

a. Blue Bird Body Company is a Georgia corporation, whose principal place of business is also in Georgia. Therefore, Blue Bird Body Company is a citizen of Georgia. On May 24, 2021, Blue Bird Body Company was dismissed with prejudice when its Motion for Summary Judgment was granted in open court

b. Eaton Corporation is an Ohio corporation, whose principal place of business is in Ohio. Therefore, Eaton is a citizen of Ohio. Plaintiff failed to oppose Eaton Corporation's Motion for Summary Judgment, and Eaton Corporation was dismissed when its Motion for Summary Judgment was granted in open court on May 24, 2021.

c. Navistar, Inc. is a Delaware corporation, whose principal place of business is in Illinois. Therefore, Navistar is a citizen of Delaware and Illinois. Plaintiff failed to oppose Navistar, Inc.'s Motion for Summary Judgment, and Navistar, Inc. was dismissed when its Motion for Summary Judgment was granted in open court on May 24, 2021.

d. BWDAC, Inc. is a Delaware corporation, whose principal place of business in Perrysberg, Ohio. Therefore BWDAC, Inc. is a citizen of Delaware and Ohio. Plaintiff voluntarily dismissed BWDAC, Inc. by Order on March 25, 2021.[24]

e. Genuine Parts Company is a Georgia corporation, whose principal place of business in Georgia. Therefore, Genuine Parts Company is a citizen of Georgia. Plaintiff has settled with and released his claims against Genuine Parts Company, as reflected in Plaintiff's Responses and Objections to Defendant Carlisle Industrial Friction & Brake, Inc.'s Interrogatories and Request for Production, dated May 26, 2021.[25]

f. Morse TEC, LLC is a limited liability company, whose sole member is Enstar Holdings (US) LLC, a wholly-owned indirect subsidiary of Enstar Group Limited. Morse TEC, LLC is organized under the laws of the state of Delaware, and its principal place of business is in Southfield, Michigan. Enstar Group Limited is incorporated and has its principal place of business in Bermuda. Accordingly, Morse TEC is a citizen of Bermuda for diversity purposes. Plaintiff released his claims against Morse TEC, LLC, as reflected in Plaintiff's Responses and Objections to Defendant Carlisle Industrial Friction & Brake, Inc.'s Interrogatories and Request for Production, dated May 26, 2021.[26]

g. Bancroft Bag, Inc. is a Louisiana corporation, whose principal place of business is also in Louisiana. Therefore, Bancroft Bag, Inc. is a citizen of Louisiana. Plaintiff indicated his voluntary assent to the dismissal of Bancroft Bag, Inc. in the Joint Motion for Entry of Final Judgment, filed by both Plaintiff and Bancroft Bag, Inc. Bancroft Bag, Inc. was subsequently dismissed pursuant to an unopposed Motion for Summary Judgment on May 24, 2021.

h. Monroe Spring & Brake, Inc. is a Louisiana corporation, whose principal place of business

---

[24] *See* Motion and Order to Dismiss without Prejudice, dismissing Plaintiff's claims against BWDAC, Inc., attached as Exhibit "E."
[25] Exhibit "F."
[26] Exhibit "F"

is also in Louisiana. Therefore, Monroe Spring & Brake, Inc. is a citizen of Louisiana. Plaintiff has agreed to settle his claims against Monroe Spring & Brake, Inc., as indicated in the Joint Motion to Dismiss filed with the Louisiana Supreme Court.

17.

No properly joined and served Defendant in this matter is a citizen of the State of Louisiana. Thus, complete diversity exists among the parties in accordance with 28 U.S.C. §§ 1332 and 1441, *et seq*.

### PLAINTIFF VOLUNTARILY DISCONTINUED HIS ACTIONS AGAINST NON-DIVERSE FORMER DEFENDANTS BANCROFT BAG, INC. AND MONROE SPRING & BRAKE, INC.

18.

Plaintiff has voluntarily discontinued his actions against non-diverse former Defendants, Bancroft Bag, Inc. and Monroe Spring & Brake, Inc. According to the voluntary-involuntary rule, if a resident or non-diverse defendant is dismissed as a result of either the defendant or the court acting against the wishes of the plaintiff, the case cannot be removed.[27] However, if the plaintiff, by his voluntary act, "definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant [does] the action become [ ] removable."[28] Accordingly, for the citizenship of any defendant to be disregarded according to the voluntary-involuntary rule, the defendant's exit from the case must be final and must have occurred because of a voluntary act of the plaintiff.[29]

19.

Bancroft Bag, Inc. is a Louisiana corporation. On December 11, 2020, Bancroft Bag, Inc. filed a Motion for Summary Judgment in state court. On April 20, 2021, Plaintiff and Bancroft

---

[27] *Weems v. Louis Dreyfus Corp*., 380 F.2d 545, 547 (5th Cir. 1967).
[28] *McLin v. Surgitex*, Inc., No. 91-4116, 1992 WL 67801, at *2 (E.D. La. Mar. 25, 1992).
[29] *Rowland v. Union Carbide Corp.*, CV 19-12127, 2019 WL 4729473, at *5 (E.D. La. Sept. 27, 2019).

Bag, Inc. filed into the record, a Joint Motion for Entry of Final Judgment.[30] The Joint Motion for Entry of Final Judgment states in part, "Plaintiff withdraws his Opposition to Bancroft's Motion for Summary Judgment, in recognition of the indemnity and exclusivity provisions of the applicable Louisiana Workers' Compensation Act, barring Plaintiff's claims brought against Bancroft."

20.

Plaintiff's withdrawal of its Opposition and recognition of Bancroft Bag's immunity is a clear and unambiguous showing that Plaintiff would no longer be pursuing his claims against Bancroft Bag, Inc. This voluntary act by Plaintiff precludes the consideration of the citizenship of Bancroft Bag, Inc. for diversity purposes.

21.

Likewise, Plaintiff has also discontinued his actions against non-diverse Defendant, Monroe Spring & Brake, Inc. On June 1, 2021, Defendant, Monroe Spring and Brake, Inc., and Plaintiff filed a Joint Motion to Dismiss Application for Supervisory Writs with the Supreme Court of Louisiana. The Joint Motion to Dismiss states in part, "Defendant/Petitioner, Monroe Spring & Brake, Inc. ("Monroe"), and Plaintiff/Respondent, Steven Aaron, Sr. ("Aaron"), have reached an agreement to settle this matter."

22.

Plaintiff's agreement to settle his claims again Monroe Spring & Brake, Inc. is a clear showing that Plaintiff no longer intends to pursue his claims against Monroe Spring & Brake, Inc. Thus, the citizenship of Monroe Spring & Brake, Inc. should not be considered for diversity purposes.

---

[30] Exhibit "B."

## TAYLOR-SEIDENBACH, INC. IS AN IMPROPERLY JOINED DEFENDANT

23.

"Under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant."[31]  The removing defendant bears the burden of demonstrating improper joinder.[32] Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[33]  Additionally, a removing defendant need not demonstrate an absence of any possibility of recovery in state court but must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court.[34]  Improper joinder may also be established where plaintiff has no good faith intention to pursue his claim against the non-diverse defendant.[35]

24.

Plaintiff has not established a reasonable basis for a cause of action against Taylor-Seidenbach, Inc. in state court and there is no reasonable basis for predicating that Plaintiff will be able to recover against Taylor-Seidenbach, Inc.  In support of the representation that Taylor-Seidenbach, Inc. has been improperly joined, Defendant shows the following:

a. Plaintiff's Petition alleges that it sued Taylor-Seidenbach, Inc. as a

---

[31] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 7/10/06).
[32] *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).
[33] *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).
[34] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi*, Inc., 390 F.3d 400, 405 (5th Cir.2004).
[35] *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 98 (1921) (joinder was fraudulent where "it is apparent that the [non-diverse entity] was joined as a Defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal.").

"seller/supplier/contractor/distributor" defendant.[36]  However, Plaintiff has presented no evidence to show that Plaintiff came into contact with any products sold, supplied, contracted, or distributed by Taylor-Seidenbach, Inc.  Specifically, during his three depositions, taken on September 24, 2020, September 25, 2020, and December 16, 2020, not once did Plaintiff identify any Taylor-Seidenbach, Inc.[37]  In fact, Plaintiff testified that he has no familiarity with Taylor-Seidenbach, Inc.[38]  No witness who has been deposed in this case (or whose deposition has been identified for use at trial) has identified Taylor-Seidenbach, Inc. as a manufacturer, supplier, distributor, or installer of asbestos-containing products to which Plaintiff may have been exposed, much less testified that Plaintiff worked directly with any products supplied by Taylor-Seidenbach, Inc.

b. The record also reflects that Taylor-Seidenbach, Inc. has never provided products or service in Monroe, Louisiana, where Plaintiff alleges to have been exposed to asbestos.[39]  Both Plaintiff's employer and Defendant, Bancroft Bag and Taylor-Seidenbach, Inc. deny any transactions with the other.[40]  A different company with a similar sounding name, Taylor-Seidenbach Co., Inc. (later Taylor Contracting and Supply Co.), was based in Shreveport, Louisiana, and provided insulation contractor

---

[36] Exhibit A, ¶1.
[37] *See Depositions* of Steven Aaron, Sr., attached *in globo* as Exhibit "J"
[38] Excerpts from Deposition of Steven Aaron, Sr., Vol. II, 72:9 – 73:21, Exhibit "K"
[39] Excerpts from Deposition of Ralph Sheppard, President of Taylor-Seidenbach, Inc. at the time of Deposition, Gilley v. Kansas City Southern Railway Co., No. 440-117, Div. "A," 1st Judicial District Court, Parish of Caddo, State of Louisiana, attached as Exhibit "L"
[40] *See* Bancroft Bag, Inc.'s Response to Plaintiffs' Notice of Records Deposition of Bancroft Bag, Inc., Johnson v. Bancroft Bag, Inc., No. 2016-02507, Div. "C", Section "10", Civil District Court, Parish of Orleans, State of Louisiana, attached as Exhibit "M"  See also Taylor-Seidenbach, Inc.'s Responses to Request for Admissions, Interrogatories, and Requests for Production of Documents of Genuine Parts Company (with Verification), attached as Exhibit "N"

services in north Louisiana.[41] The only available evidence indicates that these companies are and always have been separate corporate entities, and Plaintiff did not sue the Shreveport-based "Taylor-Seidenbach" entity.[42] In any event, there is no evidence that this separate Shreveport-based Corporation with a similar name supplied insulation materials to Plaintiff's worksites during his employment.

c. Plaintiff has also shown no serious intent to develop his claims against Taylor-Seidenbach, Inc. All of Plaintiff's case-specific expert witnesses have been deposed. None has opined that Taylor-Seidenbach, Inc. was a source of Plaintiff's alleged asbestos exposure.[43] Additionally, on June 1, 2021, counsel for Plaintiff transmitted via electronic mail a letter advising of Plaintiff's plan to take the videotaped trial preservation testimony of two of Plaintiff's expert witnesses. Plaintiff addressed the letter to counsel for Carlisle Industrial Brake & Friction, Inc., Ford Motor Company, Pneumo Abex, LLC, and Thomas Built Buses, Inc. Notably, the letter was not addressed to counsel for Taylor-Seidenbach, Inc. This Letter further demonstrates that

---

[41] *Compare*, (1) Louisiana Secretary of State certified Information Certificate, Taylor Contracting and Supply Company, Inc. f/k/a Taylor-Seidenbach Co., Inc.; and (2) Louisiana Secretary of State Certified Articles and Amendments, Taylor Contracting and Supply Co., Inc. *with* (1) Louisiana Secretary of State Certified Articles and Amendments, Taylor-Seidenbach, Inc.; and (2) Louisiana Secretary of State Certified Certificate of Existence, Taylor-Seidenbach, Inc., attached hereto *in globo* as Exhibit "O."

[42] *Id. See also*, Deposition of Ralph Shepard, Firth v. CertainTeed Corporation., No. 550, 929-B, 1st Judicial District Court, Parish of Caddo, State of Louisiana, attached as Exhibit "P" (extensively discussing the separate corporate entities and their ranges in Louisiana).

[43] *See, generally*, Expert report and deposition of Plaintiff's expert pathologist, Dr. Brent Staggs, attached as Exhibit "Q" and "R" respectively; Expert report and deposition of Plaintiff's occupational medicine expert, Dr. Richard Cohen, attached as Exhibit "S" and "T" respectively; Expert report and deposition of Plaintiff's expert epidemiologist, Dr. Marty Kanerek, attached as Exhibit "U" and "V" respectively; Expert report and deposition of Plaintiff's expert industrial hygienist, William Ewing, attached as Exhibit "W" and "X" respectively. The closest any of Plaintiff's experts has come to issuing such an opinion was when Dr. Cohen answered in the affirmative to Plaintiff's counsel's question – "…if the evidence were to have shown that any other suppliers were to have supplied any of the asbestos-containing friction materials that you testified about in your report and today in your deposition, would those exposures to the products supplied by anyone, not limited to, but including Taylor-Seidenbach, also contribute significantly to the development of Mr. Aaron's mesothelioma?" *See*, Exhibit "T" at p. 82, lines 2-10. Subsequent testimony established that Dr. Cohen had no information to indicate that such exposure occurred. *See, Id.* at p. 92, line 17 to p. 98, lines 6.

Plaintiff does not have a good faith intention on seeking his claims against Taylor-Seidenbach, Inc.

25.

In order to defeat removal, Plaintiff is required to prove that the conduct of Taylor-Seidenbach, Inc. constituted a "substantial factor" in causing Plaintiff's injuries by a preponderance of the evidence.[44] Plaintiff has no such proof that Taylor-Seidenbach, Inc. was a "substantial factor" in the specific causation of his disease in this matter, and thus, Taylor-Seidenbach, Inc. was improperly joined.

26.

Plaintiff has joined Taylor-Seidenbach, Inc. into this litigation for the purpose of preventing complete diversity and preventing Defendants from seeking removal to the jurisdiction of federal court. As illustrated above, Plaintiff has not established a reasonable basis for predicating that Plaintiff will be able to recover against Taylor-Seidenbach, Inc. Plaintiff has also made a showing of his intent to not develop his claims against Taylor-Seidenbach, Inc. As such, this court should disregard the citizenship of Taylor-Seidenbach, Inc. for the purposes of removal.

## **REMOVAL IS TIMELY**

27.

When a case is not initially removable because of the presence of a non-diverse defendant, the case becomes removable if the plaintiff voluntarily takes the non-diverse defendant out of the case.[45] In that situation, removal is timely if the defendant files its notice of removal within (thirty)

---

[44] *Chaisson v. Avondale Indus., Inc.,* 2005-1511 (La. App. 4 Cir. 12/20/06), 947 So. 2d 171, 188 *writ den.*, 2007-0411 (La. 4/5/07), 954 So. 2d 145.

[45] *See, e.g.*, *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) ("'[I]f the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.'") (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)); *Wehrlin v. James River Ins. Co.*, No. CV 20- 3290, 2021 WL 1100794, at *2 (E.D. La. Mar. 23, 2021).

30 days of the date it received written notice from an "other paper" that the plaintiff dropped claims against the non-diverse defendants.[46] On June 1, 2021, Ford received Plaintiff and Monroe Spring and Brake, Inc.'s Joint Motion to Dismiss Application for Supervisory Writs, which states that Plaintiff and Monroe Spring & Brake, Inc. have reached an agreement to settle Plaintiff's claims. Ford's receipt of the Joint Motion to Dismiss on June 1, 2021 put Ford on notice that this case was removable. Today's removal is well within the (thirty) 30 day time period. Additionally, this Notice of Removal is filed within (1) one year of the commencement of the state court action, on August 17, 2020. Thus, Ford's removal is timely.

## THE REQUISITE AMOUNT IN CONTROVERSY IS SATISFIED

28.

The gravity and quantity of the injuries alleged makes it apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.[47] When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[48] The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.[49]

29.

Plaintiff's Petition for Damages alleges he has mesothelioma caused by his exposure to asbestos and seeks damages for physical pain and suffering, mental anguish, the physical

---

[46] *Decatur Hosp. Auth.*, 854 F.3d at 297.
[47] 28 U.S.C. § 1332.
[48] *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir.1993).
[49] *Id.*

14

impairment suffered by Plaintiff, the disfigurement suffered by Plaintiff, medical expenses, loss of quality of life, past, present and future economic and lost wages, past present and future loss of earning capacity, and all other forms of relief available to Plaintiff.[50]  Accordingly, it is facially apparent that the amount in controversy requirement is satisfied pursuant to 28 U.S.C. § 1332.

### ALL PROPERLY JOINED AND ACTIVE DEFENDANTS CONSENT TO THIS REMOVAL

30.

The rule of unanimity regarding the consent to removal by all defendants applies only to properly served and joined defendants.[51]  Specifically, improperly joined defendants are not required to consent to removal.[52] As such, the consent of Taylor-Seidenbach, Inc. to removal is not required.  Moreover, Defendants who have settled are nominal defendants whose consent to removal is unnecessary.[53]  Therefore, the consent of Morse Tec, LLC, Genuine Parts Company, and Monroe Spring & Brake, Inc. are not required.  Defendants, Blue Bird Body Company, Bancroft Bag, Inc., Eaton Corporation, Navistar Inc., and BWDAC, Inc. have been dismissed, and are therefore nominal parties and consent is not required.  All remaining properly-joined and served Defendants consent to this removal in accordance with 28 U.S.C. 1446(b)(2)(A).

31.

A copy of this Notice of Removal will be filed with the Clerk of Court of the Civil District Court for the Parish of Orleans, State of Louisiana. Ford will also provide all parties with a timely copy of this Notice of Removal.

---

[50] Exhibit A, ¶¶ 12 and 29.
[51] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 847 F.2d 1254, 1261-62 (5th Cir. 1988).
[52] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).
[53] *Acosta v. Master Maint. & Const., Inc.*, 52 F.Supp.2d 699, 709 (M.D. La.1999).

**WHEREFORE,** Ford Motor Company prays that the above entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be accepted as removed to the United States District Court for the Eastern District of Louisiana.

**Respectfully submitted,**

**Kuchler Polk Weiner, LLC**


*s/ Janika D. Polk*_____
**Deborah D. Kuchler (#17013)**
**Monique M. Weiner (#23233)**
**Janika D. Polk (#27608)**
**Lee B. Ziffer (#32783)**
**Skylar B. Rudin (#35036)**
**Alease T. Scott (#37533)**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile:  (504) 592-0696
dkuchler@kuchlerpolk.com
mweiner@kuchlerpolk.com
jpolk@kuchlerpolk.com
lziffer@kuchlerpolk.com
srudin@kuchlerpolk.com
ascott@kuchlerpolk.com
*Attorneys for Defendant,*
*Ford Motor Company*

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 3rd day of June, 2021, filed with the Clerk of Court using the CM/ECF system, and served a copy of the foregoing pleading on Plaintiff's counsel by one of the following methods, in accordance with the Federal Rules of Civil Procedure:

- ☐ by placing a copy in the U.S. Mail, properly addressed and first-class postage prepaid
- ☐ by Certified Mail, properly addressed and first-class postage prepaid
- ☐ by facsimile
- ☐ by hand delivery
- ☒ by electronic delivery

In addition, all remaining counsel of record have been served via electronic delivery.

*s/ Janika D. Polk*_____
**JANIKA D. POLK**