Case 2:21-cv-01082-MVL-JVM  Document 1-2  Filed 06/03/21  Page 1 of 14

2020-06964



Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.: _____  SECTION "___"  DIVISION "___"

### STEVEN AARON, SR.

### VERSUS

### BANCROFT BAG, INC., ET AL

FILED: _____    _____
                                  DEPUTY CLERK

### PETITION FOR DAMAGES

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

**COMES NOW** Petitioner **STEVEN AARON, SR.**, who by and through the undersigned counsel, respectfully represents as follows:

1. Made Petitioner herein is:

**STEVEN AARON, SR.**, who is an adult resident citizen of the State of Louisiana and domiciled in the Parish of Union, Louisiana.

2. Made Defendants herein are:

   **A. PREMISES/EMPLOYER DEFENDANTS:**

   1. **BANCROFT BAG, INC.**
      A corporation duly organized, created, and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in West Monroe, LA; who is authorized to do and doing business in Louisiana, and may be served through its registered agent for service of process: Bonnie Woods, 2100 Rosedown Drive, Monroe, Louisiana 71201.
      This Defendant is being sued for Premises/Strict Liability.

   **B. SUPPLIER/MANUFACTURER/SELLER/CONTRACTOR/DISTRIBUTOR/PRODUCT DEFENDANTS**

   2. **BLUE BIRD CORPORATION**
      A foreign corporation domiciled in the State of Georgia, who has a Registered Agent who may be served *via the Louisiana Long Arm Statute* at: 202 Central Avenue, Fort Valley, GA 31030.
      This Defendant is being sued as a seller/supplier/product/manufacturer defendant.

   3. **BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION**
      A foreign corporation domiciled in Delaware, and may be served *via the Louisiana Long Arm Statute* at: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.
      This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

E-Filed    |    EXHIBIT A    VERIFIED
                              Amber Sheeler
                              2020 AUG 18 A 09:49

1

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 2 of 14

2020-06964



Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

4. **CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC.**
A foreign corporation domiciled in Ohio, and may be served *via the Louisiana Long Arm Statute* at: United Agent Group, Inc., 350 South Northwest Highway, #300 Park Ridge, Illinois 60068.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

5. **EATON CORPORATION**
A non-Louisiana business corporation domiciled in the State of Ohio, who is authorized to do and doing business in Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

6. **FORD MOTOR COMPANY**
A non-Louisiana business corporation domiciled in the State of Delaware, who is authorized to do and doing business in Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

7. **GENUINE PARTS COMPANY**
A non-Louisiana business corporation domiciled in Georgia, who is authorized to do and doing business in Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its registered agent for service of process: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

8. **MONROE SPRING & BRAKE, INC.**
A corporation duly organized, created, and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Monroe, which may be served through its registered agent for service of process: William Anders, 105 Breard Street, Monroe, LA 71201.
This Defendant is being sued as a seller/supplier/distributor defendant.

9. **MORSE TEC LCC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION**
A limited liability company domiciled in the State of Delaware, and may be served *via the Louisiana Long Arm Statute* at: C/O Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

10. **NAVISTAR INC.**
A non-Louisiana business corporation domiciled in Illinois, who is authorized to do and doing business in Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its registered agent for service of process: Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.
This Defendant is being sued as a seller/supplier/manufacturer/product defendant.

11. **PNEUMO-ABEX CORPORATION**
A foreign corporation domiciled in the State of New Jersey, who has a Registered Agent who may be served via the Long Arm Statute at: Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808.
This Defendant is being sued as a seller/supplier/product/manufacturer defendant.

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 3 of 14

2020-06964

Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

**12. TAYLOR-SEIDENBACH, INC.**
A corporation duly organized, created, and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and may be served through its registered agent for service: Robert I. Shepard, 731 South Scott Street, New Orleans, Louisiana 70119.
This Defendant is being sued as a seller/supplier/contractor/distributor defendant.

**13. THOMAS BUILT BUSES, INC.**
A non-Louisiana business corporation domiciled in North Carolina, who is authorized to do and doing business in Louisiana, with its principal business establishment in Louisiana in Baton Rouge, LA, which may be served through its registered agent for service of process: C.T. Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.
This Defendant is being sued as a seller/supplier/contractor/distributor defendant.

## BACKGROUND

3. On or about May 12, 2020, Petitioner Steven Aaron, Sr. was diagnosed with malignant mesothelioma, which was due to and a consequence of his exposure to asbestos as set forth herein. As a direct and proximate result of the delictual conduct of the defendants, Petitioner contracted mesothelioma and has suffered physically, financially, mentally, and emotionally.

4. Orleans Parish is a proper venue based on the following:

   a. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor Seidenbach Inc. is a domestic corporation licensed to do business in this State, and has designated as its domicile, primary business office and/or primary place of business in Louisiana as Orleans Parish.

   b. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 73, because each of the Defendants listed in Paragraph 2(A) contributed to Mr. Steven Aaron, Sr.'s exposure to asbestos and diagnosis of mesothelioma, and therefore, each is solidarily liable to Petitioners with its co-Defendant, Taylor-Seidenbach, Inc., whom has designated its domicile, primary business office and/or primary place of business in Orleans Parish.

   c. Orleans Parish is a proper venue for this matter pursuant to La. R.S. §22:1269 B(1) because events, accident, or injury occurred in Orleans Parish. Orleans Parish is proper venue for this matter pursuant to La. C.C.P. Art. 74 because Orleans Parish is where wrongful conduct occurred and/or where Petitioner's damages were sustained.

5. The damages sought by Petitioner, exclusive of interest and costs, exceed the minimum jurisdictional limits of the Court.

2020-06964



Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

6. Petitioner Steven Aaron, Sr. was occupationally exposed to injurious levels of asbestos while employed as a mechanic at a service station in West Monroe, Louisiana, from approximately 1969 through 1977. Throughout the course of Petitioner Steven Aaron, Sr.'s employment, he worked with, used, handled and/or was in the vicinity of others using or handling asbestos and/or asbestos-containing friction products, including but not limited to brakes and clutches. This work exposed him to dangerously high levels of asbestos fibers, which escaped into the ambient air of the workplace, resulting in Petitioner Steven Aaron, Sr. breathing those fibers.

7. Additionally, Petitioner was occupationally exposed to injurious levels of asbestos while employed as a school bus mechanic at a repair shop in Monroe, Louisiana from approximately 1977 through 1979. Throughout the course of Petitioner Steven Aaron, Sr.'s employment, he worked with, used, handled and/or was in the vicinity of others using or handling asbestos and/or asbestos-containing friction products, including but not limited to brakes and clutches. This work exposed him to dangerously high levels of asbestos fibers, which escaped into the ambient air of the workplace, resulting in Petitioner Steven Aaron, Sr. breathing those fibers.

8. Petitioner Steven Aaron, Sr. was occupationally exposed to injurious levels of asbestos while employed as an operator by Defendant Bancroft Bag in West Monroe, Louisiana from approximately 1984 through 2006. Throughout the course of Petitioner Steven Aaron, Sr.'s employment at Bancroft Bag, he worked with, used, handled and/or was in the vicinity of others using or handling asbestos and/or asbestos-containing products and equipment, including but not limited insulation, gaskets, pumps, and boilers. Additionally, Petitioner was exposed to asbestos from contractors who were disturbing, manipulating, and working with various asbestos-containing products, including, but not limited to, asbestos-containing insulation products. This work exposed him to dangerously high levels of asbestos fibers, which escaped into the ambient air of the workplace, resulting in Petitioner Steven Aaron, Sr. breathing those fibers.

9. Before and during Petitioner's exposure period, each of the defendants named in Paragraph 2 above designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, used, supplied, removed, and/or sold asbestos or asbestos-containing products for use where Petitioner was exposed to asbestos-containing products. Petitioner was

E-Filed

4

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 5 of 14

2020-06964



Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

thereby exposed to products and equipment that contained the fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11. Each of the defendants knew or should have known through industry and medical studies, as well as statutes and regulations, the existence of which was unknown to Petitioner, of the health hazards inherent in the asbestos-containing products. Instead of warning Petitioner, and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment, in order to sell or use asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.

12. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described above, Petitioner Steven Aaron, Sr. contracted mesothelioma: an incurable and ultimately terminal cancer caused from asbestos exposure. Petitioner was diagnosed with malignant mesothelioma on or about May 12, 2020. A cause of Mr. Aaron's contraction and development of mesothelioma was his cumulative occupational exposures to asbestos, as described above.

13. Because of the latency period between exposure to asbestos and the onset of cancer, and because of the concealment by some Defendants of the causes and effects of exposure to asbestos, Petitioner did not know nor could he have reasonably known that his injuries were caused by his asbestos exposure until recently, which occurred less than one year prior to the filing of the instant Petition for Damages. Further, Petitioner only recently discovered his injuries and not more than one year preceding the filing of this Original Petition for Damages.

14. In connection with his work at the aforementioned job sites, Petitioner inhaled great quantities of asbestos fibers as a result of his work experience, having neither knowledge nor reason to believe that asbestos was dangerous. Further, Petitioner alleges, as more specifically set out below, that he suffered injuries proximately caused by his exposure to asbestos from asbestos-containing products designed, manufactured, distributed, utilized, and/or sold by Defendants.

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 6 of 14

2020-06964



Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

More specifically, on or about May 12, 2020, Steven Aaron, Sr. was diagnosed with malignant mesothelioma, a progressive, non-curable, and ultimately fatal cancer.

### GENERAL NEGLIGENCE ALLEGATIONS
### (All Defendants)

15. On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites and/or their use of hazardous materials; and generally to provide Petitioner with safe premises in order to protect life, health, safety, and welfare of Petitioner, and had the following responsibilities:

A. Inspection, approval and supervision of the premise for hazards and vices that may present a hazard to Petitioner;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people on the premises;

C. To see that workers performed their duties pertaining to their work in a proper, safe and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

D. To see that the Defendants and their employees used safe and sound principals and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus, where such was necessary, in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

H. To make certain that Petitioner was provided a safe environment, free from excess asbestos dust inhalation and operations free from excess asbestos dust;

I. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S.



2020-06964
Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act.

16. Not only did Defendants have the duties and responsibilities set forth in the foregoing paragraph, but they did actually undertake on an operational basis to perform said duties and fulfill said responsibilities, and they negligently failed to carry out those undertakings and assumed duties in the manner asserted in the paragraph below, and on information and belief, Defendants knew of the dust laden atmosphere in which Petitioner was required to enter and work, which was damaging and dangerous to Petitioner, and each knew or should have known of the dangers to Petitioner's health posed by working in and be exposed to an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that these Defendants knew or should have known that respiratory illness such as the asbestos-related cancer sustained by Petitioner could have been avoided by the use of adequate ventilation, warnings, packaging and safety equipment.

17. On information and belief, Defendants negligently failed in the performance of their responsibilities and/or actual undertakings to provide Petitioner with safe premises and operations in the following particulars:

    A. Failing to properly ventilate the area in which Petitioner was required to enter in connection with their work;

    B. Failing to warn or provide proper safety appliances, including but not limited to respirators, air-fed hoods, etc. for Petitioner's use;

    C. Failure to institute safety procedures and plans for the adequate protection of Petitioner;

    D. Failing to warn Petitioner of the dangers posed by the polluted atmosphere in which he was required to work including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos;

    E. Failing to enforce applicable safety rules after such rules were actually adopted;

    F. Failing to keep abreast of the scientific and engineering knowledge regarding the

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 8 of 14

2020-06964


Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

dangers of, and protection against, the occupational exposure to asbestos;

G. Failing to properly supervise operations;

H. Commencing and continuation of operations which were under their control and supervision when they knew or should have known that such operations caused Petitioner to be exposed to asbestos dust, without protection;

I. Failing to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor, pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act;

J. Failing to measure the levels of asbestos dust in the premises working environment.

18. The negligence of Defendants was a substantial factor and contributed in causing the damages alleged herein to Petitioner.

### NEGLIGENCE AND STRICT LIABILITY ALLEGATIONS AGAINST MANUFACTURER/SELLER/SUPPLIER/CONTRACTOR/ DISTRIBUTOR/PRODUCT DEFENDANTS

19. The Defendants identified in Paragraph 2B above as product manufacturers, sellers, contractors, distributors, and/or suppliers of asbestos/asbestos-containing products were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products, or are professional vendors of asbestos or asbestos-containing products, which were expected to and did reach the job sites of Petitioner, thereby exposing Petitioner to asbestos and/or asbestos-containing products and equipment.

20. The products manufactured, distributed, supplied, sold and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Petitioner who was an intended and foreseeable user and bystander that was exposed to these products. These defects include, without limitation, the following:

A. the manufacture, sale, supply and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

B. manufacture, sale, supply and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 9 of 14

2020-06964

Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in the decedent's trade;

C. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

G. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. defects in the composition and construction of these products;

J. failure to recall these products manufactured, sold and supplied;

K. failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

L. overwarranting the safety of these products;

M. are liable to Petitioner in strict liability for things in their guard, possession, custody or control, pursuant to article 2317 of the Louisiana Civil Code that have caused harm to Petitioner.

21. The defective conditions of Defendants' products and fault, as noted above, are a cause of Petitioner's injuries and damages complained of herein.

22. Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries and damages.

E-Filed

9

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 10 of 14

2020-06964


Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

### STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS
### AGAINST PREMISES OWNERS

23. The Defendant(s) identified as Premises Owners in Paragraph 2A above are liable for Petitioner's damages caused by their fault, in the form of strict liability and/or negligence as detailed herein, and in failing to provide Petitioner with a safe place to work free from the dangers of respirable asbestos-containing dust.

24. These defendants are liable to Petitioner for the damages described in this Petition for the following acts of negligence while Petitioner were working within their respective work sites:

    a. Failing to provide respiratory protection to Petitioner;

    b. Failing to provide safety equipment to Petitioner;

    c. Failing to provide general ventilation in the work areas of Petitioner;

    d. Failing to provide local exhaust in the work areas of Petitioner;

    e. Failing to monitor the air for airborne asbestos fibers in the work areas of Petitioner;

    f. Failing to provide Petitioner with proper medical monitoring;

    g. Failing to educate Petitioner of the hazards of asbestos;

    h. Failing to post warning or caution signs regarding the hazards of asbestos;

    i. Failing to implement wet methods to control the level of airborne asbestos fibers in work areas of Petitioner;

    j. Failing to implement the use of asbestos-free materials; and

    k. Inducing Petitioner to work in areas polluted with respirable asbestos fibers.

25. As a direct result of the aforementioned acts, Petitioner inhaled and otherwise ingested asbestos fibers from the asbestos and asbestos-containing products present within his work sites and as a direct result, Petitioner suffered the injuries and damages complained of herein.

26. During the course of Petitioner's work, Petitioner was exposed to asbestos and/or asbestos-containing products which were in the care, control and custody of these Defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Petitioner was exposed, which defect or vice was a cause in fact of Petitioner's injuries and damages described herein. Accordingly, the Premises Defendants are strictly liable to Petitioner in accordance with Louisiana Civil Code article 2315 and 2317.

2020-06964



Section 8

Case 2:21-cv-01082-MVL-JVM   Document 1-2   Filed 06/03/21   Page 11 of 14

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

27. During the course of Petitioner's work, Petitioner was exposed to asbestos released from these premises, which release was a cause in fact of Petitioner's injuries and damages as described herein. Accordingly, the Premise Defendants are strictly liable to Petitioner in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp*, 249 So.2d 133 (La. 1971).

28. The Premises Defendants knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could help reduce the levels of airborne asbestos fibers, nonetheless failed to or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Petitioner so as to obtain an unjust advantage for themselves over and at the expense of Petitioner or to cause loss or inconvenience to Petitioner. This action or inaction by the Premise Defendants was a direct and proximate cause of the damages described herein.

## DAMAGES

29. The conduct of the Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from Petitioner's development of an asbestos-related lung disease, namely, malignant mesothelioma, and of the following general and special damages including:

    A. The conscious physical pain and suffering, and mental anguish sustained by Petitioner (past, present, and future);

    B. The physical impairment suffered by Petitioner (past, present, and future);

    C. The disfigurement suffered by Petitioner;

    D. Reasonable and necessary medical expenses incurred by Petitioner (past, present, and future);

    E. Loss of quality of life;

    F. Past, present, and future disability;

    G. Past, present, and future economic and wage losses;

    H. Past, present, and future loss of earning capacity; and

    I. All other forms of relief or categories of damages allowed by Louisiana law against parties the law allows such claims to be alleged against, with interest, from the date of injury until paid, plus costs of these proceedings.

Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 12 of 14

2020-06964

**N**

Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

**WHEREFORE**, Petitioner Steven Aaron, Sr. demands judgment against the Defendants, and each of them, jointly, severally and *in solido* for all damages, for his costs expended herein, and for judicial interest from the date of judicial demand, and for such other and further relief, both at law and in equity, to which Petitioner may show himself justly entitled.

Respectfully submitted,
**THE CHEEK LAW FIRM LLC**

*[signature]*

Lindsey A. Cheek, LA Bar No. 34484
Jeanne L. St. Romain, LA Bar No. 36035
650 Poydras Street, Suite 2310
New Orleans, LA 70130
Tel: (504) 304-4333
Fax: (504) 324-0629
LCheek@thecheeklawfirm.com
JStRomain@thecheeklawfirm.com
Asbestos@thecheeklawfirm.com

-And-

**SIMMONS HANLY CONROY LLC**
Todd A. Neilson, IL Bar No. 6278121
*PHV Pending*
One Court Street
Alton, IL 62002
Tel: 618-259-2222
Fax: 618-259-2251
tneilson@simmonsfirm.com

**COUNSEL FOR PETITIONER**

A TRUE COPY

*[signature]*

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

E-Filed

12


2020-06964

Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

## SERVICE INSTRUCTIONS

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:

1. **BANCROFT BAG, INC.**
   *Through its registered agent:*
   Bonnie Woods
   2100 Rosedown Drive
   Monroe, LA 71201

2. **BLUE BIRD CORPORATION**
   *Via the Louisiana Long Arm Statute:*
   202 Central Avenue
   Fort Valley, GA 31030

3. **BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION**
   *Via the Louisiana Long Arm Statute:*
   The Corporation Trust Company
   1209 Orange Street
   Wilmington, DE 19801

4. **CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC.**
   *Via the Louisiana Long Arm Statute:*
   United Agent Group, Inc.
   350 South Northwest Highway, #300
   Park Ridge, IL 60068

5. **EATON CORPORATION**
   *Through its registered agent:*
   CT Corporation System
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

6. **FORD MOTOR COMPANY**
   *Through its registered agent:*
   CT Corporation System
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

7. **GENUINE PARTS COMPANY**
   *Through its registered agent:*
   CT Corporation System
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

8. **MONROE SPRING & BRAKE, INC.**
   *Through its registered agent:*
   William Anders,
   105 Breard Street,
   Monroe, LA 71201

9. **MORSE TEC LCC, f/k/a BORGWARNER MORSE TEC LLC, and Successor-by-Merger to BORG-WARNER CORPORATION.**
   *Via the Louisiana Long Arm Statute:*
   C/O Corporation Trust Company
   1209 Orange Street



Case 2:21-cv-01082-MVL-JVM Document 1-2 Filed 06/03/21 Page 14 of 14



2020-06964

Section 8

FILED
2020 AUG 17 P 10:05
CIVIL
DISTRICT COURT

Wilmington, DE 19801

10. **NAVISTAR, INC.**
*Through its registered agent:*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

11. **PNEUMO-ABEX CORPORATION**
*Via the Louisiana Long Arm Statute:*
Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808

12. **TAYLOR-SEIDENBACH, INC.**
*Through its registered agent:*
Robert I. Shepard
731 South Scott Street
New Orleans, LA 70119

13. **THOMAS BUILT BUSES, INC.**
*Through its registered agent:*
C.T. Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

E-Filed

14