UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN AARON, SR.                               CIVIL ACTION

VERSUS                                           NO: 21-1082

BANCROFT BAG, INC., ET AL                SECTION: "S" (1)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Emergency Motion to Remand** (Rec. Doc. 6) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

### I. BACKGROUND

Plaintiff, Steven Aaron, Sr., was diagnosed with terminal mesothelioma in May 2020, allegedly due to occupational exposure to asbestos-containing products sold or distributed by various defendants. Aaron filed the instant lawsuit in state court against thirteen defendants, three of which are non-diverse: Bancroft Bag, Inc. ("Bancroft"), Monroe Spring & Brake, Inc. ("MSBI"), and Taylor-Seidenbach, Inc. ("TSC"). Due to his terminal condition, Aaron obtained a preferential trial setting in state court, and trial was set for Monday, June 14, 2021 in Civil District Court for the Parish of Orleans.

On June 3, 2021, defendant Ford Motor Company ("Ford") removed the matter to this court, arguing that when plaintiff announced the settlement of his claims against MBSI on June 1, 2021, the matter became removable, because plaintiff voluntarily released his claims against MSBI, Bancroft was previously dismissed on summary judgment unopposed by plaintiff, and the

only remaining non-diverse defendant, TSI, is improperly joined because, with discovery closed and all trial evidence submitted, plaintiff has no reasonable basis to recover against TSI.

In an effort to preserve the current trial date, plaintiff filed the instant emergency motion, arguing that despite defendants' assertions, diversity is lacking, and remand is required. Plaintiff argues that it has not executed a settlement with MSBI, and that TSI is properly joined, and thus both of these non-diverse defendants are parties to this litigation.

## II. DISCUSSION

### A. Legal Standard for Motions to Remand

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

### B. Diversity Subject Matter Jurisdiction under § 1332(a)

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original

2

jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States.

"[A] case that was not originally removable under our diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that the nondiverse defendant has been taken out of the case, leaving a controversy wholly between the plaintiff and the diverse defendant." Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 694 (5th Cir. 1995). State law governs the question whether removal is proper because the nondiverse defendant is no longer effectively a party to the case. Est. of Martineau v. ARCO Chem. Co., 203 F.3d 904, 910 (5th Cir. 2000). A plaintiff's settlement with all nondiverse defendants makes a case removable, if the settlement is irrevocable, binding, and enforceable under state law. Landry v. Eagle, Inc., 2012 WL 2338736, at *3–4 (E.D. La. June 19, 2012) (collecting cases) (citing Vasquez, 56 F.3d at 693–694).

In Louisiana, a settlement agreement is known as a compromise. La. Civ. Code art. 3071. "[T]o be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding, . . . or it must be reduced to writing and signed by the parties or their agents." Sullivan v. Sullivan, 671 So. 2d 315, 317–18 (La. 1996); see also, La. Civ. Code art. 3072.

## C. Analysis

In the present case, defendant, who bears the burden of proof, has provided no evidence of a binding settlement agreement meeting the requirements of Louisiana law. The only evidence offered is a motion to dismiss a writ application previously pending in the Louisiana Supreme

3

Court, in which counsel for plaintiff and MBSI recited that they had reached a settlement agreement. Notwithstanding that this statement was made in a pleading filed before a court, this alone does not establish the existence of a valid and enforceable settlement under Louisiana law. The statement, even in a court filing, is not "irrevocable, binding and enforceable [as a settlement] under state law." See Bush v. Waterman Steamship Corp., 2000 WL 913812, at *2 (E.D. La. July 5, 2000) (quoting Vasquez, 56 F.3d at 693–694). It is entirely feasible that the representation was made in good faith because the parties had reached an agreement in principle and thus did not want to unnecessarily burden the Supreme Court with review of a likely unnecessary writ application, without having confected a binding agreement. Further, there is no evidence that plaintiff has moved to dismiss MSBI from the state court action, and MSBI remains an active defendant in the removed action pending in this court.[1]

Other courts in this district reviewing analogous factual scenarios have likewise remanded such cases. For example, in Cella v. Allstate Prop. & Cas. Ins. Co. (E.D. La. Oct. 13, 2010 (Vance, J.), the removing defendant argued that proof of a settlement releasing the non-diverse defendant existed because defense counsel sent a letter to plaintiff's counsel stating: "I am pleased that we have been able to settle this claim in an amicable manner. You will find enclosed the release agreement for your client's signature." Id. at *2. Defense counsel also pointed to a check sent to plaintiff's attorney in "[f]ull and final settlement of any and all claims

---

[1] The court also notes that MSBI did not consent to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Accordingly, in the notice of removal is defective on this ground as well.

4

for bodily injury arising from loss of 10/5/2009." Id. Notwithstanding this indicia that the parties had at some point reached a tentative agreement, the court found that "[t]o determine whether a binding settlement agreement existed . . . . on . . . the date of removal, the Court must examine the alleged settlement agreement under Louisiana law." Id. (citing Est. of Martineau, 203 F.3d at 910). No binding settlement agreement or evidence thereof having been submitted, the court remanded the matter.

Similarly, in Landry v. Eagle, Inc., 2012 WL 2338736 (E.D. La. June 19, 2012) (Barbier, J.), the removing defendant argued that diversity was defeated by a settlement between plaintiff and a non-diverse party. The court disagreed, noting that the only evidence put forward to prove the settlement was a joint pre-trial outline referencing plaintiffs' claims against one of the defendants, and a docket sheet from the Civil District Court website stating that the case had been settled. Id. at 4. The court found that this evidence "[s]tanding alone, . . . does not establish that the settlement agreement constitutes a valid and enforceable compromise under Louisiana law." Id. Concluding that the removing defendant "failed to demonstrate by a preponderance of the evidence that Plaintiffs have settled their claims against [the non-diverse defendant], or that any settlement the parties may have theoretically reached constitutes a valid compromise under Louisiana law," the court remanded the case. Id.

Like these analagous scenarios, in the present case, defendant's evidence fails to establish an enforceable settlement agreement under Louisiana law. As in Cella, no settlement agreement has been presented to the court to examine. As in Landry, a reference to a settlement agreement in a court-filed document, without more, does not establish the existence of an enforceable

5

agreement. Based on the record before it, the court finds that Ford has failed to meet its burden of proving an enforceable settlement agreement. Without such proof, MSBI is still a party to this litigation, and complete diversity is lacking. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Emergency Motion to Remand** (Rec. Doc. 6) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 10th day of June, 2021.

                                      **MARY ANN VIAL LEMMON**
                                      **UNITED STATES DISTRICT JUDGE**